IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY, Jr., *Plaintiff,* v. U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. SECRET SERVICE, *Defendants.* | Case No. 1:23-cv-3232-DLF |

## ANSWER

Defendants, U.S. Department of Homeland Security ("DHS") and U.S. Secret Service ("USSS"), by and through undersigned counsel, hereby answer the numbered paragraphs of Plaintiff Robert F. Kennedy, Jr.'s Complaint as follows:

1.  This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and conditions of the Freedom of Information Act ("FOIA") and pursuant to 5 U.S.C. § 552(a)(4)(B).

2.  This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

3.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

4.  Admitted that Defendant DHS is a federal agency within the meaning of 5 U.S.C. § 552(f). The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

5. Admitted that Defendant USSS is a component of DHS, which is an agency within the meaning of 5 U.S.C. § 552(f). The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, denied.

6. Admitted that Defendant DHS received a FOIA request from Plaintiff dated August 7, 2023. DHS respectfully refers the Court to the request for a complete and accurate statement of its contents.

7. Admitted that Defendant USSS received a FOIA request from Plaintiff dated August 7, 2023. USSS respectfully refers the Court to the request for a complete and accurate statement of its contents.

8. Admitted that Plaintiff requested expedited processing for both of its FOIA requests. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, denied.

9. Denied except to admit that Defendant DHS granted Plaintiff's request for expedited processing. DHS communicated that decision to Plaintiff in an acknowledgement letter dated September 7, 2023. DHS denies that Exhibit C supports any allegations contained in this paragraph as that exhibit pertains to Defendant USSS. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

10. Denied except to admit that Defendant USSS granted Plaintiff's request for expedited processing. USSS communicated that decision to Plaintiff in an acknowledgement letter dated August 8, 2023. USSS denies that Exhibit D supports any allegations contained in this paragraph as that exhibit pertains to a separate FOIA request dated August 15, 2023 (FOIA/PA No. 20230835), which was duplicative of Plaintiff's original FOIA request dated

August 7, 2023 (FOIA/PA No. 20230803). Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

11. Denied except to admit that Plaintiff first filed a FOIA request with USSS on August 7, 2023 (FOIA/PA No. 20230803), then filed a second, duplicative FOIA request with USSS on August 15, 2023 (FOIA/PA No. 20230835). On August 22, 2023, Defendant USSS informed Plaintiff that the latter FOIA request had been administratively closed because it was a duplicate of the first FOIA request.

12. Admitted. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

13. Denied. Exhibit G pertains to Defendant DHS. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

14. Denied except to admit that, as of the filing date of Plaintiff's Complaint, DHS and USSS have not resolved Plaintiff's FOIA requests. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, denied.

15. Defendants incorporate by reference the above paragraphs as if fully set forth herein.

16. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

17. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

18. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

The remaining unnumbered paragraphs, including subparts (a) through (g), constitute a prayer for relief to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

## **DEFENSE**

1.  Plaintiff is not entitled to compel production of any records exempt from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552.

Dated: December 4, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Ally Scher*
ALLY SCHER (DC Bar No. 1616379)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
Phone: (202) 514-9836 | Fax: (202) 616-8460
E-mail: allyson.r.scher@usdoj.gov

*Counsel for Defendants*